IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| ANITA M. PLUHAR,<br><br>Plaintiff,<br><br>vs.<br><br>NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration,<br><br>Defendant. | CV 16-127-BLG-SPW<br><br>ORDER |

Plaintiff Anita M. Pluhar ("Pluhar") initiated this action under 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Acting Commissioner of Social Security ("Commissioner"), who denied Pluhar's application for disability benefits. Before the Court are United States Magistrate Judge Timothy Cavan's Findings and Recommendations, filed on February 9, 2018. (Doc. 17). In his Findings and Recommendations, Judge Cavan recommends that this Court affirm the Commissioner's decision denying benefits and deny Pluhar's motion. (Doc. 10).

When a party timely objects to any portion of the magistrate judge's Findings and Recommendations, the district court must conduct a de novo review of the portions of the Findings and Recommendations to which objections are

1

made. 28 U.S.C. § 636(b)(1)(C); *McDonnell Douglas Corp. v. Commodore Business Machines*, 656 F.2d 1309, 1313 (9th Cir. 1981). The district court may then "accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate with instructions." 28 U.S.C. § 636(b)(1).

Pluhar filed timely objections to Judge Cavan's Findings and Recommendations. (Doc. 18). After independently reviewing and considering those objections, this Court adopts and rejects Judge Cavan's findings and recommendations, as set forth below.

## I. Relevant Background

The Administrative Law Judge's ("ALJ") findings and pertinent portions of the Administrative Record are set forth in the Magistrate Judge's Findings and Recommendation and the Court adopts them here. (Doc. 17 at 6-25). Where necessary to address Plaintiff's objections, the Court cites to other portions of the Administrative Record.

## II. Discussion

Pluhar submits that Judge Cavan erred and argues that the Commissioner's decision should be reversed because: (1) the Commissioner violated the Local Rules by neglecting to include a statement of facts in her response brief; (2) the ALJ failed to properly assess Pluhar's severe impairments by discounting her

2

subjective complaints and failing to apply the proper weight to the medical opinions and other source opinions; (3) the ALJ failed to submit valid reasons for discounting Pluhar's employer's testimony; and (4) the ALJ failed to incorporate all of Pluhar's impairments into the vocational consultant's hypothetical question. The Court addresses these objections in turn.

1.  **Local Rule Violation**

Pluhar argues that the Commissioner violated Local Rules 78.2(c)(2) by failing to include a statement of facts in her Response Brief. (Doc. 18 at 2). Local Rule 78.2 (c)(2) states that "principal briefs must contain a concise statement of the case setting out the facts relevant to the issues submitted for review." The Commissioner incorporated by reference the ALJ's summary of medical and testimonial evidence contained in the Decision. (Doc. 15 at 7). The Court finds this was sufficient to aid the Court in resolving the issues presented.

2.  **Severe Impairments**

The ALJ determined that Pluhar possesses the following severe impairments: "degenerative joint disease in bilateral knees, degenerative disc disease in the lumbar and cervical spine; depression/post-traumatic stress disorder; and a pain disorder." (Doc. 7-2 at 16). Pluhar argues that the ALJ failed to properly assess her impairments by discounting the credibility of her subjective

complaints and by failing to afford proper weight to the opinions of medical and other source treatment providers.

### A. Subjective Complaints

An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible. "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014) (citing *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007)). In this analysis, the claimant is not required to show "that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996). Nor must a claimant produce "objective medical evidence of the pain or fatigue itself, or the severity thereof." *Garrison*, 759 F.3d at 1014.

If the claimant satisfies the first step of this analysis, and there is no evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Id.* at 1014-1015; *see also Robbins v. SSA*, 466 F.3d 880, 883 (9th Cir. 2006) ( "[U]nless an ALJ makes a finding of malingering based on affirmative

4

evidence thereof, he or she may only find an applicant not credible by making specific findings as to credibility and stating clear and convincing reasons for each."). "The clear and convincing standard is the most demanding required in Social Security cases." *Garrison*, 759 F.3d at 1015.

Here, Pluhar testified that she can only lift approximately 20 pounds, has difficulty lifting canisters and cases of beer, can walk less than a block before needing a break, can do 10-15 minutes of housework before needing to rest due to low back pain, and is unable to sit for very long without changing positions or standing. (Doc. 7-2 at 60-62). She also testified that she has difficulty with stairs and bending, (*id.* at 68), and on cold days she has increased pain. (*Id.* at 60). She also testified that she experiences side effects from her pain medication that affect her memory and concentration, make her tired, and sometimes cause her to have headaches lasting 30 minutes to an hour. (*Id.* at 18-19).

An ALJ may reasonably discount a claimant's subjective complaints when his or her daily activities do not corroborate the complaints. *Garrison*, 759 F.3d at 1016. The ALJ found that Pluhar's stated testimony regarding the degree of her pain and functional limitations were not entirely credible because her complaints were inconsistent with her ability to travel 83 miles each way for medical treatment, up to three times a month, and her ability to care for her three year old granddaughter and elderly father. (Doc. 7-2 at 20).

The ALJ also found that the medical record contradicts Pluhar's subjective complaints. The ALJ pointed out that Pluhar's physical examinations were unremarkable. Despite Pluhar's pain complaints, Drs. McDowell, Schabacker, Vandenburg and Kara Erickson found that Pluhar had full motor strength in her extremities with no evidence of tenderness or swelling, intact cranial nerves, normal reflexes, no difficulty transitioning from a seated to standing position. (Doc. 7-7 at 5, 53, 127, 219, 221). Further, despite her severe back pain complaints, her imaging demonstrated only mild degenerative changes in her spine. (*Id.* at 127).

The ALJ's findings that Pluhar's activities and medical record contradicts Pluhar's subjective complaints *with respect to her physical abilities* proves reasonable. Substantial evidence supports the ALJ's findings with respect to Pluhar's physical issues, and as Judge Cavan noted, the findings do not result from legal error.

Pluhar's objection that the ALJ failed to submit valid reasons for discounting her subjective complaints regarding her *mental* limitations, however, has some merit. Specifically, the ALJ completely ignored Pluhar's mental limitations resulting from the side effects of her pain medication. As noted above, Pluhar testified that her pain medications made her tired and unable to concentrate. (Doc. 7-2 at 18). To that end, she testified her previous employer did not feel

6

comfortable with Pluhar working alone because of the side effects of her pain medications. (*Id.* at 53).

Unlike her physical complaints, Pluhar's subjective mental complaints are corroborated by her medical records. In late 2013, Pluhar complained about difficulty concentrating to Dr. Bruce Swarny. (Doc. 7-8 at 2). Dr. Swarny observed that she was "extremely sedated" from her narcotic use and found it was "difficult to sort out how much of her symptom cluster is due to mood [] problems versus sedation and other side effects from medications." (*Id.* at 4). In 2014, Dr. Schabacker noted that Pluhar had been on opiate medication for a long time and recommended her for a trial of alternate opiate treatment. (Doc. 7-7 at 128). Licensed Clinical Professional Counselor Aliceann Carlton found that Pluhar's concentration and attention were impaired due to her medication (*id.* at 174), that the medications were a "problem," and that Pluhar was "cognitively snowed" by medication side effects. (*Id.* at 179). Finally, Kara Erickson, PA-C, found that Pluhar was having "sedative side effects and mild confusion related to the OxyContin." (*Id.* at 66).

In sum, there is no support in the record for the ALJ's conclusion that Pluhar's mental impairment complaints were not fully credible. The ALJ discredited Pluhar's testimony regarding her mental limitations mainly on the ground that Pluhar's condition improved due to medication at various times and

observations by non-mental health providers that Pluhar's affect was "bright" and "pleasant" (Doc. 7-2 at 24). This is insufficient grounds for rejecting Pluhar's testimony. *See Garrison*, 759 F.3d at 1018 (holding that it is error to reject a claimant's testimony merely because symptoms wax and wane in the course of treatment). The ALJ did not offer specific, clear, and convincing reasons for rejecting Pluhar's testimony concerning her mental impairments, specifically with respect to the mental limitations resulting from her pain medication. In fact, the reasons given by the ALJ not only fail this demanding standard, but also would fail a far more forgiving inquiry, as they are plainly refuted by the medical records in this case, specifically the records of Dr. Swarny and PA-C Erickson.

### B. Medical Source/Other Opinions

Pluhar argues generally that the ALJ failed to give proper weight to the opinions of accepted medical sources and other source opinions. Pluhar's only specific objection is that the ALJ afforded minimal weight to LCPC Carlton's opinions because they conflicted with other evidence in the record. (Doc. 18 at 12). With respect to Pluhar's physical complaints, the ALJ explained that Carlton's opinions regarding Pluhar's physical inability to work were inconsistent with contemporaneous notes from treating physicians. The Court agrees. As noted above, Pluhar's records demonstrate that her physical examinations were unremarkable, she demonstrated good range of motion in all major joints, had no

8

tenderness to palpitation and normal motor and sensory function. (Doc. 7-7 at 5, 53, 127, 219, 221).

The ALJ does not contend that anything in the objective record conflicted with Carlton's opinion on this issue. As a Licensed Clinical Professional Counselor, Carlton is a qualified "other source" who can provide evidence as to the severity of Pluhar's mental health impairments and how it affects her ability to work. *Id.* at 1013-14 (citing 20 C.F.R. § 404.1513(d)). With respect to Pluhar's complaints regarding her mental limitations, specifically with respect to the side effects of her medication, the Court finds that the ALJ failed to provide germane reasons for discounting Carlton's opinion. Accordingly, the Court finds the ALJ erred in rejecting Carlton's opinion as an "other medical source," and failing to offer specific and legitimate reasons for doing so.

### 3. Lay Witness Testimony

Pluhar argues that the ALJ should have given more weight to the lay witness statement from her former employer, Tammy Dodd. (Doc. 10 at 31). Judge Cavan noted that the ALJ failed to specifically discuss Dodd's opinion, but held that since Dodd's opinion was nearly identical to Pluhar's opinion, the ALJ's findings with respect to Pluhar's testimony provided a sufficient basis for rejecting Dodd's testimony. (Doc. 17 at 40). In light of this Court's determination that the ALJ improperly rejected Pluhar's testimony about the side effects of her medication on

9

her mental condition, however, the Court finds the ALJ did not have a sufficient basis to reject Dodd's similar testimony. Thus the ALJ's failure to discuss Dodd's opinion was error. *See Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996) (holding that competent lay witness testimony "cannot be disregarded without comment.")

### 4. The ALJ's Failure to Incorporate Impairments into Hypothetical Questions Posed to the Vocational Expert

As discussed above, the Court has determined that the ALJ failed to support her reasons for discounting Pluhar's credibility regarding the effects of her pain medication on her mental health or to adequately consider the opinion of Dr. Swarny and LCPC Carlson with respect to the same. Accordingly, these errors have infected the hypothetical that the ALJ relied on and in turn, the ALJ's determination at step five. Therefore the Court finds that the ALJ's determination at step five is not supported by substantial evidence.

## III. Remand or Reversal

Pluhar asks the Court to remand this case for an award of benefits or in the alternative, remand for further proceedings. (Doc. 18 at 19). "[T]he decision whether to remand a case for additional evidence or simply to award benefits is within the discretion of the court." *Reddick v. Chater*, 157 F.3d at 728. If the ALJ's decision "is not supported by the record, 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or

10

explanation.'" *Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012) (quoting *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004)). "If additional proceedings can remedy defects in the original administrative proceedings, a social security case should be remanded. Where, however, a rehearing would simply delay receipt of benefits, reversal [and an award of benefits] is appropriate." *Lewin v. Schweiker,* 654 F.2d 631, 635 (9th Cir. 1981).

The Court finds remand for further proceedings is appropriate. On remand, the ALJ shall re-assess Pluhar's severe impairments considering her subjective complaints and applying the proper weight to the medical opinions and other source opinions. Specifically, the ALJ shall take into consideration the impact of Pluhar's pain medication on her mental conditions and her employability. The ALJ shall also consider Dodd's opinion and afford it proper weight. In addition, the ALJ shall reconsider whether Pluhar can perform work in the national economy based upon a hypothetical that incorporates of all the limitations supported by the record.

**IV. Conclusion**

Accordingly, Magistrate Judge Cavan's Findings and Recommendations (Doc. 17) are ADOPTED in part and REJECTED in part, as consistent with this opinion;

11

It is FURTHER ORDERED that Plaintiff's Motion is GRANTED (Doc. 10), and this matter is REMANDED pursuant to section four or 42 U.S.C. § 405(g) for further proceedings consistent with this opinion.

DATED this 12th day of March 2018.

SUSAN P. WATTERS
United States District Judge